

**FILED & ENTERED**

**MAY 05 2023**

**CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:  Deborah Elizabeth Gouch-Onassis, Debtor. | Case No.:  2:22-bk-14613-ER<br>Chapter:  7<br><br>**MEMORANDUM OF DECISION DENYING SECOND MOTION TO REOPEN WITHOUT PREJUDICE**<br><br>**[RELATES TO DOC. NOS. 35–36]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

    Before the Court is the Debtor's motion to reopen her bankruptcy case (the "Motion to Reopen")[1] and corresponding application to waive the reopening filing fee (the "Application").[2] Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[3] the Court finds this matter suitable for disposition without oral argument. For the reasons set forth below, the Motion to Reopen and the Application are **DENIED WITHOUT PREJUDICE**.

---

[1] The Debtor filed two substantially-identical motions to reopen, *see* Doc. Nos. 35–36. The only difference between the two motions is that the second motion to reopen [Doc. No. 36] contains a page with the heading "Statutes" that quotes the language of § 523(a)(8). The Court construes these substantially-identical motions as a single motion, and addresses both motions in this Order. Citations to the Motion to Reopen are to Doc. No. 35, because the handwritten text in Doc. No. 35 is considerably easier to read than the handwritten text in Doc. No. 36.

[2] Doc. No. 34.

[3] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§101–1532.

## I. Background

The Debtor filed a *pro se* voluntary Chapter 7 petition on August 24, 2022, and received a discharge on December 5, 2022.[4] The Debtor's case was closed on December 23, 2022.[5]

The Debtor has been designated as a vexatious litigant pursuant to Cal. Civ. Proc. Code § 391.7.[6] On January 12, 2023, the Court denied a prior motion to reopen filed by the Debtor.[7]

The Debtor scheduled $64,801.22 in student loan debt.[8] Before her case was closed, the Debtor did not file an adversary proceeding seeking to obtain a determination as to the dischargeability of her student loan debt.

In the Motion to Reopen, the Debtor seeks the opportunity to appear before the Court "on student loans that [were] discharged."[9] The Debtor states that the "Department of Education and ED Financial refuses to discharge the debt as documents directed them to," and that the "Department of Education and ED Financial want in writing that the student loans of $64,801.22 [are] included in the Chapter 7 bankruptcy …."[10] She further asserts that these creditors "will not discharge the debt until they receive an order from the court,"[11] and requests that the Court "order the discharge [of] this debt immediately."[12]

## II. Findings and Conclusions

Section 350(b) provides: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Reopening a closed bankruptcy case "is a ministerial act that functions primarily to enable the file to be managed by the clerk as an active matter and that, by itself, lacks independent legal significance and determines nothing with respect to the merits of the case." *Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 913 (B.A.P. 9th Cir. 1999). It is generally inappropriate to consider the merits of an underlying claim when ruling on a motion to reopen. *See Menk*, 241 B.R. at 916–17 ("In short, the motion to reopen legitimately presents only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee. Extraneous issues should be excluded.").

However, this general rule is subject to an important exception. "[W]hen the undisputed facts in the record unequivocally establish that reopening the case would be a 'pointless exercise,' the bankruptcy court may deny the motion to reopen on that basis." *Kvassay v. Kvassay (In re Kvassay)*, No. 2:11-BK-11698-DS, 2016 WL 5845674, at *3 (B.A.P. 9th Cir. Oct. 6, 2016). For example, in *Cortez v. American Wheel (In re Cortez)*, 191 B.R. 174, 179 (B.A.P. 9th Cir. 1995), the court found that it was appropriate to deny a motion to reopen where there was no legal basis for granting the relief sought by the debtors. In *Cortez*, the debtors sought to reopen their Chapter 7 case to avoid a creditor's lien and to enjoin the creditor's foreclosure action. *Id.* at 176.

---

[4] Doc. No. 24.
[5] Doc. No. 29.
[6] *See* Vexatious Litigant List, available at https://www.courts.ca.gov/documents/vexlit.pdf.
[7] Doc. No. 32.
[8] Official Form 106 [Doc. No. 1] at ¶ 9(g).
[9] Motion to Reopen at 1.
[10] *Id.* at 1–2.
[11] *Id.* at 2.
[12] *Id.* at 4.

Case 2:22-bk-14613-ER    Doc 37    Filed 05/05/23    Entered 05/05/23 15:43:59    Desc
Main Document    Page 3 of 4

Examining the facts of the case, the *Cortez* court found that the debtors would not be able to avoid the creditor's lien or to enjoin the foreclosure action. *Id.* at 177–79. Given the debtors' inability to obtain the relief they were seeking, the court upheld denial of the motion to reopen. *Id.* at 179.

Here, the Motion to Reopen is predicated upon the false premise that the Debtor's student loan debt falls within the scope of the discharge that was issued on December 5, 2022. Unless and until the Debtor obtains a favorable judgment in an adversary proceeding under § 523(a)(8), her student loan debt remains non-dischargeable. **The relief that the Debtor requests—issuance of an order discharging the Debtor's student loan debt immediately—is not within the power of the Court to grant**. Denial of the Motion to Reopen is appropriate because there can be no dispute that the Debtor is not entitled to the immediate discharge of her student loan debt.

The Court is cognizant of its obligation to construe *pro se* pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Motion to Reopen could conceivably be construed as an application to reopen the case to enable the Debtor to file a § 523(a)(8) complaint to discharge her student loan debt—although such relief is not requested anywhere in the Motion. The Court declines to construe the Motion to Reopen that broadly. The Debtor has not alleged any facts indicating that she might be eligible to discharge her student loans. However, because it might be possible for the Debtor to allege such facts, denial of the Motion to Reopen will be without prejudice.

**If the Debtor elects to file a renewed Motion to Reopen, it must be accompanied by a proposed complaint that plausibly alleges that the Debtor is eligible to discharge her student loan debt pursuant to the criteria set forth in the caselaw applying § 523(a)(8)**. The proposed complaint must also contain a proof of service demonstrating that were the case to be reopened, the Debtor would have the ability to properly serve the complaint upon the appropriate entities. The Court strongly advises the Debtor to retain counsel should she decide to continue to attempt to obtain a discharge of her student loans. Proceeding *pro se* has significant risks, and the Court finds it appropriate to make some of those risks known to the Debtor:

- Generally speaking, non-attorney litigants are less likely to be victorious than those assisted by counsel.
- The opposing party may have a lawyer, and that lawyer's duty is to achieve victory for his or her client. He or she will take every step legally permissible to that end.
- The Court is a neutral adjudicator of the law. The role of the judge is to resolve disputes arising between the parties in accordance with the law. As such, the judge cannot assist you, cannot answer your legal questions, and cannot take sides in the dispute. Nor can any members of the judge's staff.
- You will be proceeding alone in a complex area where experience and professional training are greatly desired. Litigating a § 523(a)(8) action requires a great deal of time, preparation, knowledge, and skill. You will be held to the same standards as a lawyer as far as complying with the court procedures and the rules and regulations of the court system.

The Court generally would not require that a request to reopen be accompanied by a proposed complaint. However, where, as here, the Debtor has been designated as a vexatious litigant, it is

appropriate for the Court to exercise a greater gatekeeping function when reviewing requests to reopen than would otherwise be appropriate.

### III. Conclusion

Based upon the foregoing, the Motion to Reopen is **DENIED WITHOUT PREJUDICE**. The Court will enter an order consistent with this Memorandum of Decision.

###

Date: May 5, 2023

Ernest M. Robles
United States Bankruptcy Judge